UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN SAYYAH, *et al.*,              Case No. 1:04-cv-00395

    Plaintiffs,                                         Spiegel, J.

vs.

STEPHEN YEAGER, *et al.*,

    Defendants.

**ORDER**

Plaintiffs initiated this action on June 9, 2004 by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Alleging violations of their civil rights and fraud upon the court in a prior civil action,[1] plaintiffs seek monetary and declaratory relief. On September 15, 2004, with prior leave of Court, plaintiffs filed an amended complaint adding two individuals as plaintiffs. (Doc. 20).

In the amended complaint, plaintiffs renewed their request for monetary and injunctive relief but withdrew their claims under 42 U.S.C. § 1983. As grounds for relief in the amended complaint, plaintiffs rely on the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the federal criminal statute pertaining to the obstruction of justice, 18 U.S.C. § 1503. Plaintiffs further assert federal question jurisdiction under 28 U.S.C. § 1331.

---

[1] *Sayyah, et al. v. Waynoka Property Owners Association, Inc., et al.*, Case No. 1:01-cv-459 (S.D. Ohio filed July 11, 2001).

The district court has an affirmative duty to determine in every case whether it has jurisdiction over the subject matter of the case before it. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

This Court lacks subject matter jurisdiction in this case.

Contrary to plaintiffs' assertion, federal question jurisdiction under 28 U.S.C. § 1331 is lacking. Section 1331 provides that the district courts have jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. *See also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.),* 164 F.3d 1004, 1007 (6th Cir. 1999). The issue of federal law must appear on the face of a well-pleaded complaint. *Ford v. Hamilton Inv., Inc.,* 29 F.3d 255, 258 (6th Cir. 1994). "Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'" *American Fed'n of Television & Radio Artists, AFL-CIO,* 164 F.3d at 1007 (quoting *Ford,* 29 F.3d at 258). Notwithstanding plaintiffs' citation of the Declaratory Judgment Act and the federal obstruction of justice statute, no issue of federal law appears on the face of the amended complaint.

Based on well settled law, plaintiffs cannot rely on the Declaratory Judgment Act

("Act") to serve as a basis for federal subject matter jurisdiction. *See Heydon v. MediaOne of Southeast Michigan, Inc.,* 327 F.3d 466, 470 (6th Cir. 2003) (and cases cited therein). The Act does not create an independent basis for federal subject matter jurisdiction, but only provides the courts with discretion to fashion a remedy. *Id.* (citations omitted). Before invoking the Act, the court must have jurisdiction already. *Id.; King v. Sloane,* 545 F.2d 7, 8 (6th Cir. 1976) (*per curiam*). "A plaintiff cannot circumvent the well-pleaded complaint rule by seeking a declaratory judgment if the complaint itself would not otherwise state a federal question." *See Heydon,* 327 F.3d at 470.

Plaintiffs' reliance on the obstruction of justice criminal statute is misplaced. The statute does not provide a basis for subject matter jurisdiction in the present civil action. The statute is penal and does not create a private right of action. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1482 (9th Cir. 1997), *aff'd,* 525 U.S. 299 (1999); *James v. McCoy,* 56 F. Supp. 2d 919, 935 (S.D. Ohio 1998), *aff'd,* 181 F.3d 101 (6th Cir. 1999).

**IT IS THEREFORE ORDERED THAT:**

This case is **DISMISSED** without prejudice for lack of subject matter jurisdiction, and all pending motions are **TERMINATED**. As no further matters remain pending for the Court's review, this case is **CLOSED**.

Date: 7/19/05

S. Arthur Spiegel
United States Senior District Judge